HENRY MICHAEL

*v.*

THE CITY OF MATTOON.

*Opinion filed April 21, 1898.*

1. SPECIAL ASSESSMENTS—*an amendment of confirmation judgment after term, without notice to property owners, is void.* An amendment of a confirmation judgment at a subsequent term, without notice to the owners of property assessed, in order to make such judgment conform to the ordinance as to number of installments, is void.

2. SAME—*judgment ordering assessment paid in fewer installments than allowed by ordinance is erroneous.* A confirmation judgment ordering a special assessment paid in five installments instead of seven, as provided by the ordinance, is substantially erroneous and prejudicial to property owners, and that part of the judgment concerning installments cannot be rejected as surplusage, so as to leave a valid judgment of confirmation standing.

3. SAME—*order allowing amendment of affidavit of mailing notices not subject to collateral attack.* An order entered by a court having juris-

diction of the parties and the subject matter, allowing an affidavit of mailing notices to be amended according to the facts, a transcript whereof is duly certified by the clerk as part of the record, has the same force as other judgments and orders, and cannot be collaterally attacked.

4. SAME—*affidavit of mailing notices may be amended after term, on notice to parties.* An affidavit of special assessment commissioners as to publishing, posting and mailing notices is in the nature of an officer's return of process, and may be amended to conform to the facts after the term at which judgment is entered, upon due notice to the parties interested.

· 5. SAME—*defective affidavit of mailing notices does not defeat jurisdiction of the court.* If the commissioners have in fact performed the duties required by law concerning publishing, posting and mailing notices, the court has jurisdiction to render confirmation notwithstanding the affidavit designed to show such performance is defective, as, the acts having been done, the affidavit may be afterward amended to show the fact.

6. SAME—*special assessment notice need not be an exact copy of statutory form.* A special assessment notice is sufficient if it substantially conforms to the form prescribed by statute, and the omission of words therefrom which would only notify property owners of matters of which the law charges them with notice is not fatal.

7. SAME—*affidavit need not state place where each notice was posted.* An affidavit of posting notices, which shows, in general terms, that notices were posted in four public places in the city, two of which were in the neighborhood of the proposed improvement, need not state the particular places where the notices were posted.

8. SAME—*effect of failure to abstract "blue print" and specifications.* An objection that an assessment ordinance was invalid for not giving proper data for cutting and filling cannot be sustained on appeal, where the abstract of record shows that a "blue print" and specifications were filed with the ordinance and petition but does not contain the same, as it will be presumed that the trial court found the necessary data therein to sustain the ordinance.

WRIT OF ERROR to the County Court of Coles county; the Hon. S. S. ANDERSON, Judge, presiding.

D. T. McINTYRE, and J. F. HUGHES, for plaintiff in error.

J. W. & E. C. CRAIG, and F. N. HENLEY, City Attorney, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a writ of error sued out to reverse the judgment of the county court of Coles county, entered by default, confirming the assessment roll returned by the commissioners appointed by the said court to spread an assessment under an ordinance of the city of Mattoon providing for the improvement of Champaign and East Second streets, in said city, the cost thereof to be paid by special assessment. The ordinance provided the assessment should be divided and paid in installments, seven in number.

The judgment confirmed the assessment roll, and adjudged and ordered that the assessment should be divided into five equal parts or installments, each to draw interest at the rate of six per cent from the date of confirmation, and that the first installment should be due and payable at the date of confirmation and the remaining four installments should be due and payable in one, two, three and four years, respectively, from the date of the said confirmation. The judgment of confirmation was entered at the May term, 1895, of the said court. A petition was filed on behalf of the city, to the December term, 1895, of the same county court, for the purpose of procuring an amendment to the judgment, so it would conform to the ordinance in relation to the division of the installments and adjudge that said assessment should be paid in seven installments instead of five. This petition was presented upon the theory it was not necessary to give any notice thereof to any person affected thereby, and notice was not given. The petition concluded with a form of a judgment such as the petitioner desired to have entered. The name of the presiding judge of the said court was subscribed at the foot of the judgment so incorporated in the petition, and nothing otherwise appears to indicate that the petition was acted upon by the court. Without concluding that this attempt to amend the judgment is in other respects effective, it is sufficient to say

the amendment was absolutely void for the reason notice was not given to the plaintiff in error.   *Swift* v. *Allen*, 55 Ill. 303; *Bryant* v. *Vix*, 83 id. 11.

It is practically conceded by counsel for defendant in error that the attempt to amend the judgment was wholly ineffectual, but counsel urge that that part of the judgment originally entered dividing the assessment into five installments was mere surplusage, and may be rejected, leaving a complete and perfect judgment of confirmation still standing.   We cannot assent to this view.   Paragraph 151 of the City and Village act (Starr & Curtis' Stat. p. 770,) makes it the duty of the clerk of the said court to certify the assessment roll, and the judgment entered thereon, to the officer of the city authorized to collect such assessments, and also to issue a warrant to accompany the said certified roll and judgment, authorizing such officer to collect such special assessments. Paragraph 154 of the same chapter makes it the duty of the collector into whose hands such warrant should come, to request payment of the assessments; and paragraph 155 requires such collector to report, in writing, to the general officer designated by the revenue laws of the State, all special assessments which have not been paid to him, and the same paragraph also makes such report *prima facie* evidence that such assessments are due and unpaid, and provides that "upon the application for judgment upon such assessment no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof."   Under the ordinance the plaintiff in error was permitted to pay the assessment in seven installments.   Under the judgment he became liable to pay it in five, and the order of the judgment as to such increased payments would be carried into the judgment for the sale of the property by the operation of the other sections of the statute which we have hereinbefore mentioned.   The error in the judgment

was therefore an error of substance, and was prejudicial to the plaintiff in error. For such an error the judgment must be reversed.

It is objected the proof of mailing and posting notices was insufficient to give the court jurisdiction to hear and determine the application for confirmation, and that the ordinance is so fatally defective that it is void. As these objections would otherwise arise in the subsequent hearing we will now dispose of them.

The affidavit as to posting and mailing notices on file at the time the judgment was rendered was so defective as to be wholly insufficient to confer jurisdiction on the court to hear and act in the premises. After this writ of error was sued out, and at a term subsequent to that at which the judgment was entered, a petition was filed in said county court for leave to amend the affidavit. Notice thereof was given to the plaintiff in error and an order entered granting leave to file an amended affidavit. The amended affidavit was so filed and a supplemental transcript of the record filed in this court. It is contended that the county court erred in entering the order granting leave to amend the affidavit for two reasons: (1) It is not allowable to make such amendments after the close of the term at which the default was entered; (2) that if the court was without jurisdiction when the judgment was entered by default, jurisdiction cannot be conferred by amending the affidavit afterwards at another term of the court.

It appears from the amended transcript the county court, having jurisdiction of the city by its petition, and of the plaintiff in error by due notice, and of the subject matter as matter of law, entered an order finding the facts as to the acts of the commissioners in the matter of the posting and mailing of the notices and ordering that leave be given to amend the affidavit in accordance with the facts, and that such amendments were made and the affidavit so amended filed and made a part of the

record. The order so made and entered stands unappealed from and in full force. It is good and valid as against collateral attack. A transcript thereof duly certified by the clerk of the county court has been made a part of the records of the cause in this court. No reason appears why it should not be received as any other final order and judgment of the county court, and given full effect as a final determination of the matters shown by it to have been adjudicated by the court. Aside from this, the posting and mailing of the notices were in the nature of and served the purposes of process, and the affidavit in question was required as proof the notices had been mailed and posted as the statute required, and was the equivalent of an officer's return upon process. We think it was entirely proper to permit the affidavit to be amended, and in principle have so held in *Brown* v. *City of Joliet*, 22 Ill. 123, *City of Chicago* v. *Walker*, 24 id. 494, and *Kilmer* v. *People ex rel.* 106 id. 529.

It is true, as argued by counsel for plaintiff in error, if the court had no jurisdiction when the default was allowed it could not be invested with jurisdiction by the proceeding at a subsequent term of court. But the court had jurisdiction when the default was entered if the commissioners had in due time before taken the steps required by the statute in the matter of publishing, posting and mailing notices. If the commissioners performed their duties, under the statute, with respect of the notices, the legal effect was to charge the plaintiff in error with notice of the proceeding and to confer upon the court jurisdiction over him, and the notice to the plaintiff in error was not rendered in any degree less efficacious by the mere fact the affidavit failed to set forth fully the acts of the commissioners. If the acts which the law required to be done were done, it was entirely competent to amend the affidavit in such manner as to make it comport with and disclose the truth of the matter. The same rule applies as governs amendments to

the return of an officer on a summons. As to such returns the rule is they may be amended at the term at which the default is entered, without notice, and it is competent to amend them within any reasonable time after the close of the term, upon proper notice to the parties to be adversely affected. *County of LaSalle* v. *Milligan*, 143 Ill. 321.

But it is insisted the affidavit as amended fails to show the notices which were posted were in conformity with the statute, or that such notices were posted as the statute requires. Paragraph 143 of the City and Village act (Starr & Curtis' Stat. p. 762,) which controls in the matter of posting notices, provides as follows: "It shall also be the duty of such commissioners to give notice of such assessment, and of the term of court at which a final hearing thereon will be had, in the following manner: *First*— (Relates to mailing such notices.) *Second*—They shall cause at least ten days' notice to be given, by posting notices in at least four public places in such city or village, two of which shall be in the neighborhood of such proposed improvement. * * * The notice may be substantially as follows:

" '*Special Assessment Notice.*

" 'Notice is hereby given to all persons interested that the city council (or board of trustees, as the case may be,) of ........✓...... having ordered that (here insert a brief description of the nature of the improvement,) *the ordinance for the same being on file in the office of the* ........ *clerk,* have applied to the ........ court of ............ county for an assessment of the cost of said improvements, according to benefits, and an assessment thereof having been made and returned to said court, the final hearing thereon will be had at the ........ term of said court, commencing on ...... day of ............, A. D. 18—. All persons desiring may then and there appear and make their defense.

(Here give date.)

................. ................., *Commissioners.*' "

The form of notice used by the commissioners in this case, as appears from the affidavit, did not contain the words in italics in the form set out above. It was not essential that the notice should be an exact copy of that

given in the statute. The express provision of the statute is that the notice may be substantially in the form given. If the omitted words served any beneficial purpose, it was to advise the property owner the ordinance could be found in the office of the clerk of the city. The statute requires all ordinances to be filed with the city clerk and to be kept in the office of the clerk. All persons are charged with knowledge of this requirement of the law, and therefore the omitted words, had they not been omitted, would but have notified the property owners of that of which they were otherwise fully charged with notice.

The only remaining objection to the affidavit is, that as to the posting of the notices it is stated in the affidavit that one of the notices was posted on East Second street, in said city. The insistence is, the particular place on East Second street where such notice was posted is not stated. In other respects the affidavit is in compliance with the statute. The amended record recites the court found, from the proofs, that the commissioners posted the notices in four public places in the city, two of which were in the neighborhood of the proposed improvement, and the same appears from the general statements of the affidavit. In addition to such general statements the affidavit states the places where the notices were posted. It was not necessary such additional matter should have been incorporated in the affidavit. In general terms it appeared from the affidavit the notices had been posted in four public places in the city, two of which were in the neighborhood of the proposed improvement, and any statement as to the particular place where any one of the notices was posted must, under former rulings of this court, be regarded as surplusage, and disregarded. *Linck* v. *City of Litchfield*, 141 Ill. 469; *Schemick* v. *City of Chicago*, 151 id. 336; *Gordon* v. *People ex rel.* 154 id. 664.

It is also urged the ordinance is invalid (1) because it does not give the amount of cutting and filling that would

172—26

be required in the construction of the improvement, or any data by which such cutting and filling could be computed either by the commissioners or by those proposing to contract to perform the work; (2) that the ordinance provides for catch-basins, but does not designate the number or the dimensions thereof. Section 3 of the ordinance recites that a separate set of specifications and plans, giving details, etc., are thereto attached and made part of the ordinance. It appears from the abstract prepared by the plaintiff in error that "specifications," and a blue print showing survey and profile of the street improvement, were filed with the ordinance and petition, but the plaintiff in error has not abstracted such specifications or blue print. The defendant in error insists the established grade of the street, and the cuttings and fillings, and the number of catch-basins, and the details, are fully shown by such specifications and blue print. The plaintiff in error having failed to abstract the "specifications" and "blue print," we cannot determine from his abstract whether or not the ordinance is defective in the manner claimed. The presumption is the trial court held correct views as to the legality and sufficiency of the ordinance, and plaintiff in error having failed to overcome that presumption, we must hold the ordinance to be valid.

It is objected that the commissioners, in estimating the cost of the improvement, took into consideration items not contemplated to be considered by the statute, such as court cost, advertising, etc. We have considered all that has been said upon the point, and find no good reason appears for holding the items in question ought not have entered into consideration in estimating the cost of the improvement.

For the reason indicated the judgment must be and is reversed and the cause remanded.

*Reversed and remanded.*