The People *ex rel.* Frank C. Vaughan, County Collector, Defendant in Error, *vs.* Josephine E. Sargent *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1911.*

1. Special assessments—*if inspection of record shows court was without jurisdiction its finding as to jurisdiction is overcome.* If an inspection of the record in the confirmation proceeding discloses that the court was without jurisdiction to confirm the assessment its finding that it had jurisdiction is overcome.

2. Same—*when recital of jurisdiction is overcome.* The statute requires that the proof that notices were mailed at least fifteen days before the hearing shall be made by filing an affidavit, and, as such affidavit is in the nature of process and equivalent to an officer's return of a summons, an affirmative showing therein that the notices were mailed less than fifteen days before the hearing overcomes the finding of the court that it had jurisdiction and shows a want of jurisdiction to confirm the assessment. (*Dickey* v. *People,* 160 Ill. 633, distinguished.)

3. Same—*when a presumption that court heard other evidence than affidavit is unwarranted.* Where the finding of the county court that it had jurisdiction of a special assessment proceeding is based upon the affidavit of mailing notices "filed herein," a presumption that the court heard other evidence as to the time the notices were mailed is unwarranted.

Writ of Error to the County Court of Lee county; the Hon. Robert H. Scott, Judge, presiding.

Henry C. Warner, Brooks & Brooks, and Dixon & Dixon, for plaintiffs in error.

Harry Edwards, State's Attorney, and Mark C. Keller, City Attorney, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

An application was made at the June term, 1911, of the county court of Lee county for a judgment against the lands of plaintiffs in error for the non-payment of the first

installment of a special assessment levied under the Local
Improvement act by the city of Dixon, Illinois. Plaintiffs
in error objected to the entry of judgment on the ground
that the court was without jurisdiction to confirm the as-
sessment roll. The objection was overruled and judgment
entered. A writ of error has been sued out of this court
to review that judgment.

Plaintiffs in error contend that fifteen days' notice of
the time and place at which application would be made for
the confirmation of the assessment roll was not given, as
required by sections 41 and 44 of the Local Improvement
act. The judgment of confirmation recites that a good and
sufficient affidavit of mailing notices and a good and suffi-
cient affidavit of posting notices "have been filed herein,"
which are approved, and the court finds that the law has
been complied with as to mailing, posting and publishing
notice of the application for confirmation and that the
court has jurisdiction of the parties and of the subject mat-
ter. The certificate of publication states that notice was
published daily for five successive days, the date of the first
publication being the 29th day of June and the date of the
last, July 5, 1909. The affidavit filed by the commissioner
who spread the assessment states that he mailed notices to
the property owners on June 29, and on July 1 posted no-
tices at eight different places in the neighborhood of the
proposed improvement. The time fixed for the hearing was
July 2, at which time the hearing was continued until
July 12, when judgment was entered. It will be seen that
less than fifteen days intervened from the time of the first
publication until the time of the hearing, and that the no-
tices were also mailed and posted less than fifteen days be-
fore the hearing.

Defendant in error makes no claim that notice was given
in compliance with the statute, but contends that the find-
ing of the court that the law had been fully complied with
as to mailing, posting and publishing notices, and that

court had jurisdiction both of the parties and of the subject matter, is conclusive when attacked in a collateral proceeding. If an inspection of the record in the confirmation proceeding discloses that the court was without jurisdiction, its finding that it had jurisdiction is overcome. This court has frequently held that a certificate of publication of a notice in a newspaper which was defective in failing to show its publication in accordance with the requirements of law was not sufficient to overcome the finding of the court, in its judgment, that it had jurisdiction. (*Illinois, Central Railroad Co.* v. *People*, 189 Ill. 119; *Glover* v. *People*, 188 id. 576; *Casey* v. *People*, 165 id. 49.) Here, however, something more than notice by publication in a newspaper was required. Section 41 of the Local Improvement act requires notice of the intended application for confirmation to be sent by mail to each of the persons paying the taxes on the respective parcels of land the last preceding year, not less than fifteen days before the hearing. By the same section an affidavit is required to be filed before the hearing, showing the notice was given in compliance with the law. Section 44 provides for posting at least four notices in the neighborhood of the improvement fifteen days before the hearing, and for publishing notice in a newspaper for five successive days if a daily newspaper is published in the city, town or village. We find no provision in the statute as to how proof of posting and publishing the notice shall be made. If the record of the proof of posting and publishing the notice comes within the rule that it will not be permitted to overcome the recital in the judgment that the court had jurisdiction of the parties and subject matter, we do not think the record of the mailing of the notice comes within that rule. Without mailing notices fifteen days before the hearing on confirmation the court had no jurisdiction to confirm the assessment. Proof that notice had been mailed was required to be made by an affidavit. This was in the nature of process and equivalent to an officer's re-

turn of a summons. (*Michael* v. *City of Mattoon,* 172 Ill. 394.) The affidavit states that the notices were mailed on June 29, which was less than fifteen days before the hearing. This contradicts the finding of the court that due service was had, overcomes the finding and proves the want of jurisdiction. *Spring Creek Drainage District* v. *Highway Comrs.* 238 Ill. 521.

When *Dickey* v. *People,* 160 Ill. 633, and other cases in line with it, were decided, the statute was not the same as our present statute. The former statute merely required an affidavit, signed by one or more of the commissioners, to be filed before the date of the hearing, showing notices had been mailed to the owners, and this was made *prima facie* evidence of compliance with the statute. It was held that where the judgment recited that the notices had been mailed in accordance with the requirements of the law, the failure of the affidavit to state when the notices were mailed, or that they were mailed the length of time required before the hearing, would not overcome the recitals in the judgment, as the court might have heard other proof. Section 41 of the present Local Improvement act requires proof of mailing notices to be made by affidavit filed before the final hearing, "showing a compliance with the requirements of this section."

The recital in the judgment that the court had jurisdiction is based upon the proof of mailing notices, which proof is the affidavit of the commissioner "filed herein." This affidavit is a part of the record of the proceeding in the county court, and from it it clearly appears that the notices had not been mailed fifteen days before the judgment of confirmation was entered. In this state of the record we are of opinion a presumption that the court might have heard other proof as to the time the notices were mailed would be unwarranted. Notwithstanding the recital in the judgment of confirmation, the record shows the court was

without jurisdiction to confirm the assessment, and the county court erred in not sustaining plaintiffs in error's objection to the application for judgment and order of sale.

The judgment is therefore reversed and the cause remanded, with directions to the county court to sustain said objections.          *Reversed and remanded, with directions.*