LEGGAT ET AL., APPELLANTS, *v.* CITY OF BUTTE, RESPONDENT.

(No. 3,796.)

(Submitted October 3, 1917.   Decided October 15, 1917.)

[168 Pac. 38.]

*Cities and Towns—Special Improvement Districts—Recovery of Assessments Paid — Limitations—Presentation of Demand— Appeal and Error—Correct Ruling—Wrong Reason—Effect.*

Appeal and Error—Correct Ruling—Wrong Reason—Effect.
1.   Where the ruling of the trial court on a motion for judgment on the pleadings was correct, its reason for making it is of no consequence.

Special Improvements—Recovery of Assessments Paid—Limitations.
2.   If money paid under protest upon a special improvement assessment is a "tax, license or other demand for public revenue" within the meaning of Chapter 135, Laws of 1909, section 1, suit to recover same is barred sixty days after November 30 of the year in which the tax was paid.

Same—Presentation of Demand.
3.   If money paid as above is not a "tax, license or other demand for revenue" (Chap. 135, Laws 1909, sec. 1), it forms the basis of a mere demand against the city, not suable until after presentation to and disallowance by the city council.

Same—Defective Materials—Injunction—Limitations.
4.   Assuming (but not deciding) that a special improvement assessment may be enjoined or annulled because of the act of the city council in permitting the use of material not up to specifications, attack based on such ground must be made within thirty days after passage of resolution levying the assessment.

*Appeal from District Court, Silver Bow County; J. B. Mc-Clernan, Judge.*

ACTION by Alexander Leggat and another against the city of Butte. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. A. C. McDaniel,* for Appellants.

The position of the plaintiffs is that a special assessment for improvements is not a tax, license or any other demand for public revenue, and that the action is not barred by section 2742,

as amended, or section 2743, as amended, because not embraced within the sections. "Taxes" are defined to be burdens or charges imposed by the legislative power upon persons or property to raise money for public purposes. (*Citizens' Sav. & Loan Assn. v. Topeka*, 87 U. S. 655, 22 L. Ed. 455; *Dranga* v. *Rowe*, 127 Cal. 506, 59 Pac. 944; *Houghton* v. *Austin*, 47 Cal. 646.) Taxes are impositions for purposes of general revenue, while assessments are special and local impositions upon property in the immediate vicinity of an improvement, for the public welfare, which are necessary to pay for the improvement and made with reference to the special benefit which such property derives from the expenditure. (*Winona & St. P. R. Co.* v. *Watertown*, 1 S. D. 46, 44 N. W. 1072; *Holley* v. *Orange County*, 106 Cal. 420, 39 Pac. 790; *Kalispell* v. *School District*, 45 Mont. 221, Ann. Cas. 1913D, 1101, 122 Pac. 742.)

The word "tax" or "taxes" does not include local assessments, unless there be something in the statute in which it is found to indicate such an intention. (*Ittner* v. *Robinson*, 35 Neb. 133, 52 N. W. 846; *Denver* v. *Knowles*, 17 Colo. 204, 17 L. R. A. 135, 30 Pac. 1041; *Kilgus* v. *Trustees of the Church Home*, 94 Ky. 439, 22 S. W. 750; *Pettibone* v. *Smith*, 150 Pa. St. 118, 17 L. R. A. 423, 24 Atl. 693; *Emery* v. *San Francisco Gas Co.*, 28 Cal. 345; *Taylor* v. *Palmer*, 31 Cal. 240; *People* v. *Mayor etc.*, 4 N. Y. (Comst.) 420, 55 Am. Dec. 266; *Bolling* v. *Stokes*, 2 Leigh (Va.), 178, 21 Am. Dec. 606; *Gould* v. *Mayor etc. of City of Baltimore*, 59 Md. 378.)

*Mr. J. V. Dwyer, Mr. John A. Groeneveld* and *Mr. N. A. Rotering*, for Respondent.

MR. JUSTICE SANNER delivered the opinion of the court.

The plaintiffs are the owners of certain property in the city of Butte, which property is included within special improvement district No. 108, created on April 27, 1910. On May 18 an ordinance was passed for paving said district, plans and specifications were prepared by the city engineer, and on July 20

the contract was let. In September the contractor commenced work furnishing material, including brick, to be used in the paving; but plaintiffs protested to the city engineer against the use of the brick so furnished, for the reason that the same did not substantially conform to the plans and specifications. The city engineer had, prior to the protest of plaintiffs, condemned the brick, but the defendant had overruled the city engineer and allowed the contractor to use the brick, he giving a bond and contract that the street would remain in good condition for ten years, and that he would make all repairs at his own expense. The paving was completed under the contracts, and the defendant thereafter gave notice of its intention to pass a resolution levying a special assessment to defray the cost of the improvement. On April 26, 1911, the plaintiffs appeared before the city council and protested against the adoption of such resolution, but their protest was overruled, and on June 14, 1911, the resolution (No. 913) was passed. The plaintiffs' property was thereupon assessed in the sum of $174.16, payable in eight annual installments of $21.77 each, and, the first installment not being paid at the time fixed, the property was sold to the city. On November 26, 1912, the plaintiffs under protest paid the defendant the sum of $211.68, which was the whole amount of the assessment with penalty, costs and interest, and on November 26, 1913, they brought this action to have the resolution (No. 913) and the assessment declared invalid, and to recover the sum of $211.68 so paid thereunder, with interest.

To the complaint setting forth the above facts the defendant demurred generally, and, its demurrer having been overruled, answered with the pleas that plaintiffs' alleged cause of action is barred by section 1 of Chapter 135, Session Laws of 1909, by section 2742, Revised Codes, as amended by section 1, Chapter 135, Session Laws of 1909, by section 2, Chapter 135, Session Laws of 1909, and by section 2743, Revised Codes, as amended by section 2, Chapter 135, Session Laws of 1909. The plaintiffs demurred to these pleas as insufficient and, their demurrer being overruled, declined to plead further. Thereupon the defendant moved for judgment on the pleadings for want of a

reply to the answer and because the complaint does not state a cause of action, which motion was granted and judgment of dismissal was entered. Hence this appeal.

The plaintiffs' contention is that error was committed in overruling their demurrer to the defendant's pleas of limitation, and in granting the defendant's motion for judgment, because the statutory provisions invoked have no application to the subject matter, the special assessment paid under protest not being a "tax, license or other demand for public revenue."

Presumably, the motion was granted for want of a reply; but [1] the reason for the ruling is not of vital consequence, if the ruling itself was correct. And we think it was correct. The moneys paid under protest were or they were not for a "tax, [2, 3] license or other demand for public revenue." If they were, suit to recover was barred sixty days after November 30, 1912, or on January 29, 1913. (Chapter 135, Laws 1909, sec. 1.) If they were not, then such payment—if it could form the basis of an action at all—would stand as a mere demand against the city, not suable until after presentation to and disallowance by the city council (Rev. Codes, sec. 3288; *Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309), which presentation and disallowance must appear upon the face of the complaint.

For other reasons, however, it is doubtful if the plaintiffs could [4] maintain this action. Assuming, but not deciding, that the act of the city council in permitting the use of brick which were not up to specifications might have availed to enjoin or annul the assessment, no such attack could be made later than July 14, 1911, or thirty days after resolution No. 913 was passed. (Rev. Codes, sec. 3422; *Franklin* v. *Franklin,* 40 Mont. 348, 20 Ann. Cas. 339, 26 L. R. A. (n. s.) 490, 106 Pac. 353; *Dolenty* v. *Broadwater County,* 45 Mont. 261, 122 Pac. 919; *Cullen* v. *Western M. & W. T. Co.,* 47 Mont. 513, 134 Pac. 302.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.