HARVEY, RESPONDENT, v. TOWN OF TOWNSEND ET AL.,
APPELLANTS.

(No. 4,107.)

(Submitted February 27, 1920.   Decided March 22, 1920.)

[188 Pac. 897.]

*Cities and Towns—Special Improvement Districts—Complaint—
Jurisdiction of Council—Resolution of Intention—Sufficiency
—Notice—Objections—Date of Hearing—Statutes—Damages
—Waiver.*

Cities and Towns—Special Improvements—Damages—Complaint—Presenta-
tion of Claim not Required.
  1.  Plaintiff, in an action to recover back a special improvement tax
  paid under protest, need not allege in the complaint that his claim had
  been presented to the city or town council for allowance before action
  was commenced, section 29 of Chapter 89, Laws of 1913, under which
  Act the improvements were made, not contemplating presentation thereof
  as a condition precedent to his right to maintain the action.

Same—Special Improvements—Council—Jurisdiction—How Acquired.
  2.  To acquire jurisdiction to create a special improvement district and
  order the proposed improvement, the council must pass a resolution of
  intention to create the district, give the required notice, and hear and
  determine protests, if any.

Same—Resolution of Intention—Sufficiency.
  3.  A resolution passed by the town council reciting the creation of
  an improvement district and that the resolution should be deemed one of
  intention to create, and creating it, followed by a description of its
  boundaries and of the character of the proposed improvements, with
  an estimate of the cost, *etc.*, and that objections to its creation and
  the final adoption of the resolution would be heard in a certain place
  at a given time, *held* to have been in substantial compliance with stat-
  utory provisions.

Same—Notice of Intention—Purpose of Reference to Resolution.
  4.  The purpose of the reference in the notice which must be given by
  the council of its intention to create a special improvement district,
  to the resolution of intention is to designate to interested parties the
  source of information from which to ascertain the description of the
  property to be included in the proposed district.

Same—Property Owners Chargeable With Notice of What.
  5.  Since property owners in a proposed special improvement district
  are chargeable with knowledge that the resolution of intention to
  create a special improvement district is required to be on file in the
  town clerk's office and to contain a particular description of its
  boundaries, failure of the notice mentioned above to refer to the
  resolution for a description of such boundaries is insufficient to viti-
  ate the proceedings.

Same—Date of Hearing Objections—Statutory Provision Directory.

6. The provision of section 5, Chapter 89, Laws of 1913, that objections to a proposed special improvement shall be heard at the next regular meeting of the city council after the expiration of the fifteen days in which protest can be made, *etc.*, is directory only.

Same—Adjournment of Hearing—Estoppel.

7. A property owner whose right to protest against the creation of a special improvement district was foreclosed by failure to act within the fifteen days prescribed by the statute could not complain that the council, instead of hearing the protest at the first regular meeting after expiration of the time fixed, heard it at a later date.

Same—Overruling of Protests—What Sufficient Evidence.

8. Where the record showed a protest to a proposed special improvement, and that after hearing it the resolution was passed and approved by the mayor, the action of the council was sufficient evidence that the protest was overruled.

Same—What is Competent Evidence of Publication of Notice.

9. The affidavit of the publisher of a newspaper that notice of intention to create a special improvement district was published, as well as the papers containing it, are admissible and sufficient evidence to prove publication.

Same—Ordering Improvement—Special Resolution not Required.

10. The passage of the resolution creating a special improvement district constitutes a sufficient order for the making of the contemplated improvements, in the absence of a provision in Chapter 89, Laws of 1913, requiring a special resolution to that effect.

Same—Damages—Waiver.

11. By failure of an objecting property owner to give notice of defects or irregularities in the proceedings to the council within sixty days after the contract for the work is let, he waives all claim for damages, under section 13 of Chapter 89, Laws of 1913.

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; R. Lee Word, a Judge for the First District, presiding.*

ACTION by W. W. Harvey, against the Town of Townsend, a municipal corporation, and B. Williams, Treasurer of Broadwater County. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with directions to enter judgment dismissing the complaint.

*Mr. Edward Horsky,* for Appellants, submitted a brief; *Mr. Thos. E. Davis,* of Counsel, argued the cause orally.

*Mr. E. H. Goodman,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1913 the town council of the town of Townsend assumed to create special improvement district No. 7 for the purpose of constructing cement sidewalks, curbing, culverts, and doing the necessary grading in the district, and thereafter assumed to levy a tax upon the property in the district to pay for the work which was then completed. Plaintiff, the owner of real estate within the district, paid under protest his tax demanded in 1914, and within sixty days thereafter commenced this action to recover it back and to have the entire tax, in so far as it affected his property, declared to be void. He prevailed in the lower court, and defendants appealed from the judgment.

1. Appellants contend that the complaint does not state a cause of action, in that it fails to allege that plaintiff's claim [1] was presented to the council before this action was commenced, and *Leggat* v. *City of Butte,* 54 Mont. 137, 168 Pac. 38, is cited in support of the contention. The *Leggat Case* arose under the provisions of sections 3367–3429, Revised Codes. The proceedings out of which this action arises were had under Chapter 89, Laws of 1913, and section 29 of that Chapter authorizes an action to recover a tax paid under protest and clearly contemplates that presentation of a claim to the city or town council is not a condition precedent to the right to maintain the action. Sections 3283 and 3288, Revised Codes, are general in their nature, whereas section 29, above, is a special statute applicable to this particular character of action, and no such statute was in existence at the time the *Leggat Case* arose so far as we are able to determine. For this reason the observations made in that case are not applicable here.

2. The trial court held that the town council did not acquire jurisdiction to create special improvement district No. 7, and the correctness of that conclusion presents the principal question here involved.

To acquire jurisdiction to order the proposed improvement [2] it was necessary that the council: (1) Pass a resolution of

intention to create the district; (2) give the required notice; and (3) hear and determine the protest, if any. (*Shapard* v. *City of Missoula*, 49 Mont. 269, 141 Pac. 544.)

(a) The record discloses that on July 17, 1913, the council passed a resolution, the portions of which material to a disposition of this controversy follow:

"Be it resolved by the council of the town of Townsend:

"Section 1. That a special improvement district to be known and designated as Special Improvement District No. 7, be and the same is hereby created and this shall be deemed a resolution of intention to create and creating such improvement district, for the purpose of making improvements in portions of the townsite of the town of Townsend as is more fully described in the boundaries of said improvement district in the next section, by the installing of cement sidewalks, curbs, crosswalks, culverts and parking and grading."

Then follows a description of the boundaries of the proposed district and of the character of the proposed improvements, with an estimate of the cost, *etc.* The resolution then concludes: "Objections to the creation of the said district and to the final adoption of this resolution for the creating that district will be heard at the council chambers in the town of Townsend on August 19, 1913, at 8 o'clock P. M."

We think this record discloses a substantial compliance with the provisions of the statute in so far as the resolution of intention is concerned (*Allen* v. *City of Butte*, 55 Mont. 205, 175 Pac. 595), and distinguishes this case from *Cooper* v. *City of Bozeman*, 54 Mont. 277, 169 Pac. 801.

(b) The notice given by the council was published and posted for the prescribed time and was mailed to the property owners affected, as required. It contained a sufficient description of the proposed improvement. (*Mansur* v. *City of Polson*, 45 Mont. 585, 125 Pac. 1002.) It contained an estimate of the cost and designated the time when and the place where the council would hear and pass upon protests. It did not, however, contain a specific reference to the resolution for a description of the bound-

·aries of the proposed district.   The resolution of intention must describe the boundaries of the district (sec. 3, Chap. 89, above), and must be kept in the office of the city or town clerk (secs. 3253 and, 3265, Rev. Codes, and sec. 3, Chap. 89, above).   The [4] purpose of the reference in the notice to the resolution is ·to designate to interested parties the source of information from which to ascertain the description of the particular property to be included in the proposed district.   (*Johnston* v. *City of Hardin,* 55 Mont. 574, 179 Pac. 824.)   The particular phraseology [5] of the notice is not prescribed.   The notice in question contains a reference to the resolution by number, defines the purpose of the council in creating the district, and describes in very general terms the property to be affected.   Since everyone was chargeable with knowledge that the resolution was on file in the town clerk's office and that it contained a particular description of the boundaries of the proposed district, the failure of the notice to refer specifically to the resolution for a description of the boundaries ought not to vitiate the proceedings, particularly in view of the concluding sentence of section 13.   The property owners within the district were chargeable with the very knowledge that the notice would have imparted had it followed the language of the statute in the most minute detail. (*Michael* v. *City of Mattoon,* 172 Ill. 394, 50 N. E. 155; 2 Page & Jones on Taxation by Assessment, sec. 750.)

(c) The council designated August 19, as the time for hearing protests.   Section 5 of Chapter 89, above, allows fifteen days [6, 7] after the first publication of the notice within which property owners may make objections.   The objections must be in writing and filed with the clerk.   The section further provides: "At the next regular meeting of the city council after the expiration of the time within which said protest may be so made, the city council shall proceed to hear and pass upon all protests so made."   The record discloses that the notice was published first on July 19, and that the next regular meeting of the council after the expiration of the fifteen-day period fell on August.12; but, since plaintiff did not present any protest in

writing within fifteen days from the first publication, or at all, he cannot complain that the hearing was had at a date later than it might have been had. He was not deprived of any right; for his right to protest was already foreclosed by his failure to act within the time allowed by law for such purpose. Although the statute designates the next regular meeting of the council after the expiration of the time for presenting protests as the time for the hearing, it is manifest that this provision is directory only; for by the concluding sentence of section 5, above, authority is given to the council to adjourn the hearing from time to time.

(d) The record discloses further that a hearing was had on August 19; that but one property owner, C. H. Lefever, pro-[8] tested; that the resolution was placed upon final passage and passed and approved by the mayor. This action of the council furnishes sufficient evidence in itself that the protest of Lefever was overruled.

(e) Finally plaintiff insists that there was not presented any [9] competent evidence that the required notice was ever published. The real question was whether the notice was in fact published. The affidavit of the publisher would have been sufficient evidence of the fact of publication (section 7993, Rev. Codes), but it was not the only evidence admissible for the purpose of proving the fact. The newspapers themselves containing the published notice and introduced in evidence in this case were competent for the purpose of proving the ultimate fact with which the court was concerned. (17 Cyc. 496.)

The council, having passed a sufficient resolution of intention, [10] having given the required notice, and having heard and determined the only protest presented, acquired jurisdiction to order the improvements made. (Sec. 6, Chap. 89, above.) The statute does not require the council to pass an independent resolution ordering the improvements to be made. The passage of the resolution creating the district constituted a sufficient order for the proposed improvements. The record discloses further that a contract for the work was let, and that plaintiff failed

[11] within the next sixty days thereafter to give notice of any defects, errors or irregularities in the proceedings of the council, or that his property would be damaged by the making of the improvements; and section 13 of Chapter 89, above, provides: "All objections to any Act or proceeding or in relation to the making of said improvements, not made in writing and in the manner and at the time aforesaid, and all claims for damages therefor, shall be waived by such property owner: Provided the notice of the passage of the resolution of intention has been actually published and the notices of improvements posted, as provided in this Act."

We think the trial court erred in holding that improvement district No. 7 was not created legally, and that the tax imposed upon plaintiff's property is void.

The judgment is reversed and the cause is remanded, with directions to enter judgment dismissing the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.

MR. JUSTICE MATTHEWS, being disqualified, takes no part in the foregoing decision.