DAVIDSON ET AL., respondents, *v.* CLARK ET AL., appellants.

*Service of summons must be had in accordance with statutory provisions.* — The record on appeal failed to show any service of summons on the defendants. There was simply a return of the sheriff, reciting that he had personally served the summons on B, he being the agent of the defendants named therein. *Held*, that there was no compliance with section 72, division 1, Revised Statutes of Montana (sec. 72, div. 1, Comp. Stats. Mont.).

*A court has no jurisdiction without service of summons according to the requirements of the statute.* — Where the record itself shows that no service of summons has been had upon a defendant, as required by the statute, the court is without jurisdiction of the person of the defendant, and a judgment rendered under such circumstances is a nullity.

*Appeal from District Court, Gallatin County.*

ANDREW F. BURLEIGH, for the appellants.

The judgment is a nullity. There was no service of process upon the defendant Clark, nor any appearance by him. Service upon corporations, joint-stock companies, minors, and persons of unsound mind may be made upon officers, guardians, or agents; in all other cases upon the defendant personally. Rev. Stats. Mont.,

sec. 72, p. 52; Freeman on Judgments, secs. 116–125; *Hahn* v. *Kelly*, 34 Cal. 391

GEORGE HALDORN, for the respondents.    No brief on file.

THE opinion states the facts.

McLEARY, J.    The case was tried in the district court, before Hon. John Coburn, associate justice of the supreme court, presiding.

This is an appeal from the judgment rendered in the court below, and comes up on the judgment roll.    It appears from the record that there was no service upon Herman Clark, or any of the defendants in this case. The only evidence of any attempt at service of summons is contained in the return of the sheriff, wherein he states that he personally served the same on Joseph J. McBride, he being the agent of the defendants named in the summons.

The statutes of Montana require that the summons shall be served by delivering a copy of the summons to the defendant personally, except in certain specified cases, among which the present is not included.    Rev. Stats. Mont., pp. 52, 53, sec. 72.    Where the record itself shows that no service of the summons was had upon the defendant, as is required by the statute law, the court is without jurisdiction of the person of the defendant, and the judgment is a nullity.    Freeman on Judgments, sec. 125; *Clark* v. *Thompson*, 47 Ill. 27; *Hahn* v. *Kelly*, 34 Cal. 402 et seq.

Hence the judgment in this case must be reversed, and the cause remanded, with costs.

*Judgment reversed.*

McCONNELL, C. J., GALBRAITH, J., and BACH, J., concur.