JOHNSTON, RESPONDENT, *v.* CITY OF HARDIN ET AL., APPELLANTS.

(No. 4,219.)

(Submitted March 17, 1919. Decided March 31, 1919.)

[179 Pac. 824.]

*Cities and Towns—Special Improvement Districts—Creation— Lack of Jurisdiction — Misleading Notice of Intention — Description of Boundaries—Presumptions.*

Cities and Towns—Special Improvement Districts—Creation—Prerequisites.
1.   The successive steps necessary to be taken by a city council in the creation of a special improvement district under Chapter 89, Laws

of 1913, as amended by Chapter 142, Laws of 1915, are: (1) The adoption of a resolution of intention; (2) the service of the required notice; (3) a hearing and determination against protests; and (4) the passage of a resolution creating the district, the first three of which are jurisdictional, and failure of the council to take any one of these is fatal to the proceedings.

Same—City Council—Powers—Presumptions.

2. The city council in proceedings looking to the creation of special improvement districts has only such powers as are conferred upon it by Chapter 89, Laws of 1913, and Chapter 142, Laws of 1915, above, in that behalf, and therefore no presumption in favor of its jurisdiction can be indulged.

Same—Special Improvements—Notice of Intention.

3. Unless waived, service of the notice of the city council's intention to create a special improvement district upon the interested property owner, provided for by section 3 of Chapter 89, Laws of 1913, is indispensable to the validity of the proceedings.

Same—Notice of Intention—Improvement District—Description of Boundaries.

4. The notice mentioned above (paragraph 3) must refer the interested property owner to the particular resolution of intention to create a proposed district for a description of its boundaries, the resolution thus in effect being made a part of the notice.

Same—Erroneous Description of Boundaries—Effect on Jurisdiction of Council.

5. Where a resolution of intention to create a special improvement district described the boundaries of an entirely different district from that referred to in the notice served upon the owner of property affected, the city council did not acquire jurisdiction to proceed with the improvement.

Same—Notice—Caption not Part of.

6. The caption of a notice is no part of the notice itself, and cannot be looked to to supply any deficiency in the notice.

Same—Erroneous Notice—Actual Knowledge—Inferences Insufficient.

7. In the absence of the statutory notice of the city council's intention to create a special improvement district, plaintiff property owner was not called upon to act, an inference deducible from his complaint that he had actual knowledge that his property was to be included in the proposed district, being insufficient.

*Appeal from District Court of Bighorn County; A. C. Spencer, Judge.*

ACTION by J. W. Johnston against the City of Hardin, A. L. Mitchell, Mayor, and others, to restrain defendants from proceeding with certain public improvements. Judgment for plaintiff. Defendants appeal from the judgment and from an order refusing to dissolve a temporary injunction. Affirmed.

*Messrs. Gillette & Burke* and *Messrs. Peters & Smith,* for Appellants, submitted a brief; *Mr. C. F. Gillette* argued the cause orally.

The objection that the contract delegates powers to the engineer which may not be delegated has to do with a provision of the contract which applies only to minor alterations and additions, which the city has authority to make. (*Mansur* v. *City of Polson,* 45 Mont. 585, 125 Pac. 1002.) Minor details of such work may be committed by the council to the discretion of appropriate officers and employees. (4 McQuillin on Municipal Corporations, 3913, 4137, 4167, 4168.)

The fact that the contract price may exceed the estimate does not deprive the council of jurisdiction to make the improvement. In states where the law requires that the contract price must not exceed the estimated cost of a special improvement, or in states where the only opportunity given taxpayers to contest the assessment is at the preliminary hearing and then on the basis of the estimate, it is held that the contract price may not go beyond the estimate. But this is not so here. And where this is not so by statute, the fact that the cost of the work exceeds the preliminary estimate is not fatal to the assessment. Hence it is not fatal to jurisdiction. (5 McQuillin on Municipal Corporations, 446; *Auditor General* v. *Chase,* 132 Mich. 630, 94 N. W. 178; *State* v. *Town of Guttenberg,* 38 N. J. L. 419; *Matter of Wendover Avenue* (*Re Board of Street Opening, etc.*), 65 Hun, 625, 20 N. Y. Supp. 563; *Didsworth* v. *Cincinnati,* 18 Ohio C. C. 288, 10 Ohio C. D. 177; *McChesney* v. *City of Chicago,* 188 Ill. 423, 58 N. E. 982; *Davies* v. *City of Los Angeles,* 86 Cal. 37, 47, 24 Pac. 771.) By our statute, the cost of the improvement and not the estimate is the basis of the assessment. (See, also, *Branting* v. *Salt Lake City,* 47 Utah, 296, 153 Pac. 995; *Hill* v. *Swingley,* 159 Mo. 45, 60 S. W. 114.)

Even in those states where the right to contract is limited to the amount of the estimate, the courts hold that the failure of the city to make a correct estimate of the cost of the work

is but a defect or irregularity in the proceedings and does not rob the council of jurisdiction to make improvements. (*City of Chehalis* v. *Cory*, 54 Wash. 190, 102 Pac. 1027, 104 Pac. 768; *City of North Yakima* v. *Scudder*, 41 Wash. 15, 82 Pac. 1022.)

The objections that the engineer may increase or diminish the cost of the work, that concrete gutters, for which no estimate was made, may be built, that the contract is indefinite and uncertain in not fixing a definite sum for the work, and that the cost will be greatly in excess of the estimate, all amount merely to apprehensions of future injury. If at any time during the course of the construction any of these things should be attempted, if unauthorized, injunctive relief could then be obtained which would adequately protect plaintiff in his rights, or he could restrain the city from collecting the assessments levied after the work had been completed. (High on Injunctions, 1st ed., sec. 390; 4 R. C. L. 5354; *Healy* v. *Smith*, 14 Wyo. 263, 116 Am. St. Rep. 1004, 83 Pac. 583; *Crescent Mining Co.* v. *Silver King Min. Co.*, 17 Utah, 444, 70 Am. St. Rep. 810, 54 Pac. 244.)

The principal work to be done under the contract was paving. The drainage and grading was largely incidental to that work, as it may be. (5 McQuillin on Municipal Corporations, 4352–4354; *Kramer* v. *City of Los Angeles*, 147 Cal. 668, 82 Pac. 334; *Harter* v. *Barkley*, 158 Cal. 742, 112 Pac. 556.)

Proceedings such as those here involved, even though jurisdictional, will not be invalidated by mere clerical errors where no harm is suffered. (*North Yakima* v. *Scudder*, 41 Wash. 15, 82 Pac. 1022.) "Due process of law implies notice and opportunity to be heard." (Dillon on Municipal Corporations, 5th ed. 1365.) "Therefore, if plaintiff had notice of the improvement although said notice may have been defective, errors were waived, for he did not appear before the council nor did he file any objection to the proposed assessment as required by law." (*Owens* v. *Marion*, 127 Iowa, 469, 103 N. W. 381; *Everington* v. *Board of Park Commissioners*, 119 Minn. 334, 138 N. W. 426.)

*Messrs. Collins, Campbell & Wood,* for Respondent, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 25, 1917, the city council of the city of Hardin adopted a resolution declaring its intention to create District No. 9 for the purpose of grading, paving and otherwise improving certain streets, the cost of the improvements to be charged against the property within the district. The notice published by the clerk and the copy mailed to property owners referred to resolution of intention No. 95, on file in the city clerk's office, for a description of the boundaries of the proposed district. At the same time a resolution of intention to create District No. 10 for a like purpose was adopted, and in this instance the published notice and the copy mailed to property owners referred to resolution of intention No. 93 for the description of the boundaries of this proposed district. Plaintiff received a copy of each of these notices but did not appear before the council or protest against the creation of either district. Later, the council by resolution undertook to create each district and to contract with Hanlon & Okes to do the work. Plaintiff, the owner of real property within each of the districts, instituted this action to restrain the city authorities and the contractors from proceeding and secured a temporary injunction. The defendants appeared by general demurrer and motion to dissolve the injunction and, when this demurrer was overruled, they declined to plead further and suffered judgment to be entered against them and appealed. They also appealed from an order refusing to dissolve the injunction.

It is alleged in the complaint, and admitted by defendants for the purposes of these appeals, that resolution of intention No. 95 bears no relationship whatever to District No. 9, but describes the boundaries of, and has to do with, an entirely different district, and that resolution of intention No. 93 does

not relate to District No. 10 but describes altogether different territory.

The proceedings of the city council were governed by Chapter [1]    89, Laws of 1913, as amended by Chapter 142, Laws of 1915. Under the provisions of these statutes the successive steps necessary to be taken in creating a special improvement district are: (1) The adoption of a resolution of intention. (2) The service of the required notice. (3) A hearing and a determination against the protestants if any protest is made. (4) The passage of a resolution creating the district. The first three steps are jurisdictional, and the failure of the council to take any one of them is fatal to the proceedings. (*Shapard* v. *City of Missoula,* 49 Mont. 269, 141 Pac. 544.)

Section 3 of Chapter 89 above as amended provides that upon the passage of the resolution of intention the council must give notice by publication and by mailing a copy of the published notice to every property owner within the proposed district. The section then continues: "Such notice must describe the general character of the improvement or improvements so proposed to be made, and state the estimated cost thereof, and designate the time when and the place where the council will hear and pass upon all protests that may be made against the making of such improvements, or the creation of such district; and said notice shall refer to the resolution on file in the office of the city clerk for the description of the boundaries."

These proceedings have for their ultimate purpose the subjection of the property within the district to taxation to bear the cost of the improvements. They are *in invitum,* and in recognition of these facts the legislature has provided a complete but direct plan of procedure designed to protect property from confiscation and at the same time permit beneficial improvements to be made. It has provided for notice to the property holder and an opportunity for him to be heard before [2]    the proposed district is created, and it has constituted the city council a special tribunal to conduct the hearing. This tribunal is clothed with limited powers only and no presump-

tion in favor of its jurisdiction will be indulged. The statute measures its authority and compliance with the terms of the statute is a condition precedent to its right to act. (*State ex rel. Quintin* v. *Edwards,* 40 Mont. 287, 20 Ann. Cas. 239, 106 Pac. 695.)

The notice is the process by which the council brings the [3] interested property owner before it, and service of the process is indispensable unless service is waived. (*Davidson* v. *Clark,* 7 Mont. 100, 14 Pac. 663.)    Service is made by publishing a notice containing the matters enumerated in section 3 above, and by mailing to every property owner affected, a copy of the notice as published. The purpose of serving the notice is (1) to apprise the property owner that his property is within the proposed district and liable to assessment if the district is finally created; (2) to inform him of the general character of the contemplated improvements and the probable cost of the same, and (3) to advise him of the time when and [4] place where he may be heard. While it is not required that the notice itself shall contain a description of the boundaries of the proposed district, it must refer to the particular resolution of intention for such a description and the resolution of intention must describe the boundaries, and by this reference the designated resolution is made a part of the notice to all [5] intents and purposes. If, then, the resolution to which the property owner is referred, does not describe the boundaries of the proposed district but describes other territory altogether, the primary purpose of the notice is defeated, or, in other words, the notice contemplated by the statute is not given and the council does not acquire jurisdiction to proceed. The authorities elsewhere are quite uniform in holding that statutes of this character are mandatory.    (4 Dillon on Municipal Corporations, 5th ed., sec. 1457; 2 Page & Jones on Taxation by Assessment, sec. 740; 4 McQuillin on Municipal Corporations, sec. 1349.)

It is established by this record that the resolution to which plaintiff and other property owners were referred for a descrip-

tion of the boundaries of District No. 9 describes territory none of which is within that district, and the same thing is true with respect to District No. 10. It is suggested by counsel for **[6]** appellants that the caption of each notice as published contains a correct reference to the appropriate resolution by number; but it is sufficient answer to say that the caption is no part of the notice.

It is also argued that it is fairly inferable from the complaint that plaintiff had actual knowledge that his property **[7]** was to be included in these proposed districts; but if we assume that this deduction is warranted, it does not aid appellants. Plaintiff was not called upon to act until he had been served with the statutory notice in the manner provided by law.

The statutes above not only qualify and limit the powers which the city council may exercise, but they define with particularity the mode in which the restricted authority may be used, and compliance with their provisions is the *sine qua non* to the creation of a special improvement district for making improvements the expense of which is to be a charge against the property included.· (*Shapard* v. *City of Missoula,* above; *Cooper* v. *City of Bozeman,* 54 Mont. 277, 169 Pac. 801.) The statutes define the contents of the notice and the manner of service, and declare that the giving of this notice is one of the steps necessary to be taken before the city council is clothed with jurisdiction to order the work done, and no argument, however specious, can excuse a failure to observe their mandates.

Since the council did not acquire jurisdiction to create either of these districts, the other questions argued need not be considered.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.