THE HON. WILLIAM L. HOLLOWAY,
THE HON. JOHN HURLY,
THE HON. JOHN A. MATTHEWS, } Associate Justices.
THE HON. CHARLES H. COOPER,

---

HINZEMAN ET AL., APPELLANTS, *v.* CITY OF DEER LODGE
ET AL., RESPONDENTS.

(No. 4,633.)

(Submitted September 18, 1920. Decided October 18, 1920.)

[193 Pac. 395.]

*Cities and Towns—Special Improvement District—Creation—Resolution of Intention—"Passage" of Resolution—Absence of Approval by Mayor—Premature Publication—Effect.*

Cities and Towns—Special Improvement Districts—Resolution of Intention
—Jurisdiction.
  1. A resolution of intention, in due form and properly adopted, is the basis for subsequent proceedings looking to the creation of a special improvement district; without it, passed substantially as the statute requires, municipal authorities are without jurisdiction to make the contemplated improvement.
Same—Resolution of Intention—Absence of Approval by Mayor—Effect.
  2. *Held,* under section 3265, Revised Codes, that a resolution of intention not approved by the mayor until seventeen days after its

publication, was not duly "passed," that its publication was therefore premature and amounted to no publication, rendering all subsequent proceedings thereunder void.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

Action by Henry Hinzeman and J. A. Kerruish against the City of Deer Lodge and others. From an order denying an application for an injunction, plaintiffs appeal. Reversed.

Cause submitted on briefs of Counsel.

*Mr. S. P. Wilson,* for Appellants.

*Mr. W. E. Keeley,* for Respondents.

MR. JUSTICE COOPER delivered the opinion of the court.

On December 23, 1919, the city council of the city of Deer Lodge adopted Resolution No. 204, signifying its intention to create a special improvement district for the purpose of paving Main Street, under the provisions of Chapter 142 of the Session Laws of 1915. The notice therein prescribed appeared in the issue of the "Powell County Post" of January 2, 1920, published and circulated in the city of Deer Lodge and elsewhere. A protest in writing was made by a majority of the property owners affected, including the plaintiffs, against the creation of the district. It was filed in the office of the city clerk upon the nineteenth day of January, 1920, and by the city council overruled. It appears that the resolution of intention, at the time it was published, had not been and was not signed by the mayor until the date on which the protest was filed. The trial court found that Resolution No. 204 was legally passed and adopted, although the notice of intention was published prior to the approval of the resolution by the mayor. Application for an injunction was instituted against the mayor and council of the city in the court below to stop the construction of the improvements, which injunction the

district court denied. From that order this appeal is taken. The invalidity of the proceedings of the city council is urged as the principal ground of reversal.

The mayor did not approve the resolution of intention until January 19th, seventeen days after its publication. This omission appellants contend is jurisdictional, rendering the proceedings insufficient to set the executive machinery of the city in motion, and an infirmity invalidating all the subsequent proceedings creating the improvement district and the making of a contract for the doing of the work. If this point is well taken, the order denying the injunction must be annulled.

A resolution of intention, in due form and properly adopted, [1] is the fundamental basis upon which all further proceedings must stand. It is the essential thing which clothes the city authorities with jurisdiction to proceed with the proposed improvements. The very meaning of the word ''jurisdiction'' is power to hear and determine; and if no resolution of intention was passed, substantially as the statute requires, no power existed in the municipal authorities to let the contract or take any of the various steps necessary to create a valid improvement district. This court had occasion to deal with this important question in the case of *Shapard* v. *City of Missoula,* 49 Mont. 269, 141 Pac. 544. There the Chief Justice, in a learned and exhaustive opinion, analyzes the statute and lays down fundamental principles vitally affecting the question here presented. In that case no resolution of intention at all was passed by the mayor and city council. The proceedings necessary to create the district were enacted, but the antecedent requisite—the passage and approval of the resolution of intention—was ignored altogether. It was held that the mode of exercising the power granted to a municipal corporation pointed out by the statute must be pursued in all substantial particulars before a municipal corporation can exercise the powers the statute in express words grants. Concerning the particularity with which the mandates of the

statute are to be followed, the reasoning of the Chief Justice is so pertinent to the present inquiry that we adopt the following from that opinion: "The statute having defined the measure of the power granted, and also the mode by which it is to be exercised, the validity of the action of the legislative body of the municipality must be determined by an answer to the inquiry whether it has departed substantially from the mode prescribed. Particularly is this true when it is engaged in making street improvements, the expense of which is to be a charge by assessment upon the property included in a special improvement district. The power to proceed at all is a restricted and qualified power, and may be exercised only upon the terms granted. The law on the subject is well settled, so well, indeed, that no municipal officer should be ignorant of it, or fail to understand that a special improvement district cannot be created without observance of every requirement of the statute on the subject.

"The resolution of intention is the primary step to be taken in every instance. It is the basis of the whole proceeding. It, with a notice of its adoption, is a condition precedent; nothing may be substituted in its place, and, though the proceedings may in all other respects conform to the requirements of the statute, the omission of it is fatal and renders all the subsequent proceedings nugatory. (Page & Jones on Taxation, secs. 777, 830; McQuillin on Municipal Corporations, secs. 1848, 1849; 28 Cyc. 978; *San Jose Imp. Co.* v. *Auzerais,* 106 Cal. 498, 39 Pac. 859; *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454.) To hold that a resolution creating a district *in limine,* though notice of it is given, is a compliance with the statute, would be equivalent to a holding that the legislature did not mean what it said, and intended the municipality to wholly disregard the prescribed procedure and proceed by any mode it may deem advisable.

"Nor is the proceeding aided in any way by the failure of any property owner to file with the clerk his written objection to the regularity of the proceedings, within sixty days

after the letting of the contract. The conclusive presumption of waiver declared in section 13 of the Act is predicated upon the passage of the resolution of intention and the publication of the required notice as a condition precedent; and, though the section may be regarded as having a curative purpose and may accomplish this purpose so far as regards other irregularities in the proceedings, it cannot supply jurisdiction when it has not been acquired by observance of the antecedent steps necessary to acquire it. (Page & Jones on Taxation, sec. 981; *Comstock* v. *City of Eagle Grove,* 133 Iowa, 589, 111 N. W. 51; *Smith* v. *City of Buffalo,* 159 N. Y. 427, 54 N. E. 62.)''

Mr. Justice Holloway, in the later case of *Johnston* v. *City of Hardin,* 55 Mont. 574, 179 Pac. 824, further emphasizes the necessity of a substantial adherence to the requirements of the statute as follows: ''These proceedings have for their ultimate purpose the subjection of the property within the district to taxation to bear the cost of the improvements. They are *in invitum,* and in recognition of these facts the legislature has provided a complete, but direct, plan of procedure, designed to protect property from confiscation and at the same time permit beneficial improvements to be made. It has provided for notice to the property holder, and an opportunity for him to be heard before the proposed district is created, and it has constituted the city council a special tribunal to conduct the hearing. This tribunal is clothed with limited powers only, and no presumption in favor of its jurisdiction will be indulged. The statute measures its authority and compliance with the terms of the statute is a condition precedent to its right to act. (*State ex rel. Quintin* v. *Edwards,* 40 Mont. 287, 20 Ann. Cas. 239, 106 Pac. 695.)

''The notice is the process by which the council brings the interested property owner before it, and service of the process is indispensable unless service is waived. (*Davidson* v. *Clark,* 7 Mont. 100, 114 Pac. 663.) Service is made by publishing a notice containing the matters enumerated in section 3 above,

and by mailing to every property owner affected, a copy of the notice as published. The purpose of serving the notice is (1) to apprise the property owner that his property is within the proposed district and liable to assessment if the district is finally created; (2) to inform him of the general character of the contemplated improvements and the probable cost of the same; and (3) to advise him of, the time when and place where he may be heard." -

And again: "The statutes above not only qualify and limit the powers which the city council may exercise, but they define with particularity the mode in which the restricted authority may be used, and compliance with their provisions is the *sine qua non* to the creation of a special improvement district for making improvements the expense of which is to be a charge against the property included. (*Shapard* v. *City of Missoula,* above; *Cooper* v. *City of Bozeman,* 54 Mont. 277, 169 Pac. 801.) The statutes define the contents of the notice and the manner of service, and declare that the giving of this notice is one of the steps necessary to be taken before the city council is clothed with jurisdiction to order the work done, and no argument, however specious, can excuse a failure to observe their mandates."

We come now to the question upon which the appeal turns, [2] *viz.:* Was the resolution "passed" within the meaning of the statute, without the approval by the mayor? The solution of this question depends upon whether the mayor is such an integral part of the law-making power of the city council as to make his concurrence in legislative action essential to the validity of the resolution of intention. To determine this question resort must be had to the general statutes prescribing the conditions to be observed before the official acts of the city government can be said to be valid.

Section 3265 of the Revised Codes reads as follows: "All ordinances, by-laws and resolutions must be passed by the council and approved by the mayor, or the person acting in his stead, and must be recorded in a book kept by the clerk

called 'the Ordinance Book,' and numbered in the order in which they are passed, and take effect from and after their passage, except as otherwise ordered, and no ordinance shall be passed containing more than one subject, which shall be clearly expressed in its title, except ordinances for the codification and revision of ordinances.''

This language is broad enough to make the approval by the mayor of "all ordinances, by-laws and resolutions" indispensable to their validity; and, so far as our examination discloses, none of the later statutes have qualified the plain mandate of section 3265 in that respect. This view is fortified by the last legislative expression on the subject of municipal improvements, found in Chapter 142, Laws of 1915. By section 9 of that Act, notwithstanding the failure of any city or town council, in creating, or attempting to create, special improvement districts, to proceed in the manner required by Chapter 89 of the Acts of the Thirteenth Legislative Assembly (Laws 1913), validity is given to "all special improvement districts" created or attempted to be created since March 14, 1913: "Provided, however, that a resolution of intention to create, or a resolution creating or attempting to create any such district, was duly and properly passed and adopted by the city or town council of any such city or town, and approved by the mayor thereof, prior to giving notice thereof.''

It is significant that, twenty years after the enactment of a general law specifying the particulars to be observed in the passage of municipal legislation and the manner in which the record should speak in those matters, the legislative assembly saw fit, by proviso in a statute intended to validate all city and town improvements made since 1913, to reiterate necessity for the concurrent executive act of approval by the mayor before any ordinance, by-law or resolution could effect a cure in proceedings of this character. This must be 'held to negative the thought that so important a step in the juris-'dictional conditions precedent can be omitted.

Publication of the notice of resolution of intention in question before executive approval by the mayor was therefore premature, amounted to no publication at all, and renders void all proceedings subsequent thereto. From this it follows that the refusal of the trial court to grant the injunction was reversible error. The order is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRÁNTLY and MR. JUSTICE HURLY concur.

Rehearing denied November 17, 1920.