BROWN, RESPONDENT, *v.* TOWN OF CASCADE ET AL., APPELLANTS.

(No. 4,999.)

(Submitted February 7, 1922. Decided March 27, 1922.)

[205 Pac. 828.]

*Cities and Towns—Special Improvements—Bonds—Election— Jurisdiction — Statutory Provisions Controlling — Amendatory Acts—Effect on Pending Proceedings.*

Cities and Towns—Special Improvements—Statutes—Amendments—Effect on Pending Proceedings.
1.   Where the statute under which a special improvement in the way of the installation of a sewer system was initiated is amended in such a way as to change the very basis of the right of the town or city council to order its installation, and provision is not made for a saving clause, the proceeding may not be completed under the new Act.

Same—Statutes—Effect on Pending Proceedings.
2.   Three days before Chapter 104, Laws of 1921, prescribing the steps necessary to authorize a city or town council to call an election to determine whether municipal bonds shall be issued, became effective, petitions were filed with the town clerk asking the council to call such an election. The Act provided, *inter alia*, that the election could only be called on petition signed by a certain per cent of the electors of the town possessing certain qualifications. The council, at a meeting, held on the day the Act took effect, found the petitions sufficient and ordered an election. Under the law as it was before the passage of the Act the council could call an election of its own motion, and the filing of petitions was unnecessary. *Held*, under the above rule, that by the enactment of Chapter 104 the proceeding initiated prior to its passage was nullified and the election called and held in disregard of its provisions illegal and void.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION for injunction by H. W. Brown against the Town of Cascade and others. From judgment for plaintiff, defendants appeal. Affirmed.

*Mr. Ralph E. Bancroft* and *Mr. Edward J. Horsky,* for Appellants, submitted a brief, one replying to that of Re-

spondent, and a supplemental one; *Mr. Horsky* argued the cause orally.

*Messrs. Norris, Hurd & Rhoades,* for Respondent, submitted an original and a supplemental brief; *Mr. Edwin. L. Norris* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

On February 18, 1921, there was filed in the office of the clerk of the town of Cascade three petitions, signed by resident taxpayers, praying the town council to call an election for the purpose of determining whether the town should issue bonds in the sum of $20,000 to provide funds for the installation of a sewer system. On February 21, three days after the petitions were filed, Chapter 104 of the Laws of 1921 was signed by the governor, and took effect immediately thereafter. The Act provides, among other things, that only qualified registered electors who are taxpayers upon property in any city or town, and whose names appear on the assessment list for the year next preceding the election, shall be entitled to vote. Section 4 provides that the Act is to be in full force and effect immediately after its passage and approval. Section 1 reads as follows:

"No election for the issuance of bonds of any school district, or of any town, or city, or county shall be called except upon presentation of a petition therefor to the board of school trustees, or to the town or city council, or to the board of county commissioners, as the case may be, signed by at least twenty per cent of the qualified registered electors who are taxpayers upon property within said school district, town, city or county, and whose names appear on the assessment-roll for the year next preceding such election, praying for the calling of said election. Provided that the board of county commissioners, board of school trustees, town or city council, as the case may be, shall determine as to the suffi-

ciency of such petition, and the findings of such governing body shall be conclusive against the municipality in favor of any innocent holder of the bonds issued under and by virtue of authority conferred by election provided by this Act."

At a session of the town council adjourned from February 7 to the 21st, the petitions were considered. The meeting was presided over by Mayor Alfred Briscoe, M. M. Moore, an alderman, acting as secretary. A majority of the members of the council were present and participated in the proceedings. The council found the petitions to be in proper form, signed by the requisite number of qualified taxpayers, and ordered that an election upon the issuance of the bonds be had on April 4. A majority of the taxpayers voted for the bonds. They were advertised and sold. This action was commenced to enjoin their issuance and delivery to the purchaser. Judgment was for the plaintiff. Defendants appeal.

The validity of the bonds depends upon the question whether the petitions which were prepared and filed three days before Chapter 104 took effect invested the town council with jurisdiction to proceed.

Upon whatever authority the town council may have as-
[1] sumed to act before Chapter 104 became effective, the statute furnished the only basis for the council's jurisdiction from the moment of its approval. (*Shapard* v. *City of Missoula,* 49 Mont. 269, 141 Pac. 544; *Hinzeman* v. *City of Deer Lodge,* 58 Mont. 369, 193 Pac. 395; and the numerous decisions of this court cited.) In *State ex rel. City of Billings* v. *Billings Gas Co.,* 55 Mont. 102, 173 Pac. 799, this court held that a city possessed only such authority as is conferred upon it by legislative declaration, or by necessary implication, and that doubt as to a particular power would be resolved against the city. *Shapard* v. *City of Missoula, supra,* involved the creation of a municipal improvement district—a proceeding bearing a close analogy to the one in this case. The necessity for a strict observance of the successive steps to acquire jurisdiction is emphasized by Chief Justice Brantly,

as follows: "The resolution of intention is the primary step to be taken in every instance. It is the basis of the whole proceeding. It, with the notice of its adoption, is a condition precedent; nothing may be substituted in its place, and, though the proceedings may in all other respects conform to the requirements of the statute, the omission of it is fatal and renders all the subsequent proceedings nugatory."

In *State ex rel. Jacobson* v. *Board,* 47 Mont. 531, 134 Pac. 291 (construing statutes and their amendments authorizing the creation of new counties), it was held that where an amendatory Act changes the very basis of a right, or affects jurisdiction, and provision is not made for a saving clause, proceedings initiated under the old law may not be completed under the new. These principles apply with like force to the present case. (Dillon on Municipal Corporations, 5th ed., sec. 946; McQuillin on Municipal Corporations, secs. 2268, 2318; *Rochester* v. *Alfred Bank,* 13 Wis. 432, 80 Am. Dec. 746; *Berliner* v. *Waterloo,* 14 Wis. 378.)

As distinguished from the right of the council to call an [2] election of its own volition, Chapter 104 declares that the bonds shall not issue except in pursuance of the mode pointed out, and the manner in which authority is to be exercised. In this instance the petitions were signed and filed with the town clerk before there was a statute upon the subject, and before either the voters or the town authorities knew what effect the new legislation would have upon the proceedings then in progress. The issuance of municipal bonds, in all cases, involves the necessity of levying taxes for their payment. To that extent the property rights of the taxpayers are affected. Upon fundamental principles, obligations subjecting property to an additional burden can be imposed only in pursuance of the law as it stands when the proceeding is initiated. From this it is clear that the moment Chapter 104 was approved by the governor, the power theretofore resting upon the town council to call an election of its own motion came to an end and cut off and nullified

all pending proceedings, rendering the election already initiated illegal and void.

Judgment affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

ASSOCIATE JUSTICE REYNOLDS, being absent, takes no part in the foregoing decision.