ORA A. GUFFEY AND NELLIE A. GUFFEY, PLAINTIFFS AND APPELLANTS, v. THE CITY OF HELENA, MONTANA, A MUNICIPAL CORPORATION. THE CITY COMMISSION OF THE CITY OF HELENA, MONTANA, AND WANNA F. THOMPSON, AS MEMBER OF SAID COMMISSION AND MAYOR OF THE CITY OF HELENA, MONTANA AND JOHN W. SCHROEDER, JAMES H. FOLEY, ROBERT M. MORGAN AND ROBERT E. JOHNSON, AS MEMBERS OF THE SAID CITY COMMISSION OF THE CITY OF HELENA, MONTANA, W. J. LEARY, AS CITY MANAGER OF THE CITY OF HELENA, MONTANA, AND FRED A. SIELBACH, JR. AS CITY ENGINEER OF THE CITY OF HELENA, MONTANA, RESPONDENTS.

No. 10396.
Submitted March 14, 1962. Decided March 22, 1962.
369 P.2d 803.

Stanley P. Sorenson, argued orally, Helena, for appellants.

Michael G. Chilton and William F. Crowley, argued orally, Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order and judgment dismissing the plaintiffs' complaint in an action brought in the district court of Lewis and Clark County for the purpose of enjoining a special improvement district proposed by the City of Helena. The appeal is on the judgment roll.

The complaint contained four separately stated causes of action. In the first cause of action the plaintiffs alleged in substance that the proposed district was void by reason of the inclusion of two streets. As to one street, Roberts Street, it was alleged that it "has never been dedicated to the public, and that the public has never acquired any rights therein by any legal or other means and that the said portion of Roberts Street does not exist as a street." As to the other street, Lewis Street, it was alleged that a portion of the street proposed to be paved by the City had been "vacated and closed * * * and has never been by any legal means reopened."

In the second cause of action, it is alleged that a jurisdictional defect in the notice of passage of the resolution of intention to create the district existed in that the publication of the notice in the newspaper, although for the required number of publications, was not upon successive days. There was no allegation that any person entitled to notice did not receive it and it was affirmatively alleged that the plaintiffs appeared and protested creation of the district.

The third cause of action alleged in substance that the proposed district and the proceedings for the creation thereof were void by reason of the defect in the contents of the notice of the district. Plaintiffs, appellants here, do not present any argument relative to this cause of action, and we deem it waived.

In the fourth cause of action it is alleged that the City Council in finding that every lot, piece or parcel of land within the boundaries of the district would be specifically benefited, acted arbitrarily, capriciously and without foundation in fact and that plaintiffs' land in particular would not be increased in value by the improvements and that the improvement district

would amount to a taking without just compensation in that the cost to the property would be entirely disproportionate to any benefit which could be received. It was further alleged that the entire property of the plaintiffs would not be of a value sufficient to pay the assessment against it.

Plaintiffs prayed for the issuance of an order to show cause and temporary restraining order upon the filing of the complaint ordering the defendants to show cause why they should not be restrained and enjoined from proceeding with the creation of the proposed district, from expending any money or moneys for the advertising for bids, from letting bids, or any other matters in connection with the proposed district. Plaintiffs prayed that upon final hearing the defendants might be permanently enjoined.

The complaint shows the resolution of intention to create the district was made on March 20, 1961. The notices of same with publication dates of March 23, 27, 30, April 3, 6, 1961, recited the last day of protests to be April 7, 1961. On April 10, 1961, 43.2 percent of the owners of the area encompassed had protested. The meeting was continued to May 1, 1961, at which time only 33.72 percent protests were still in effect. It was alleged that the defendants then expressed an intention to create the district.

Plaintiffs filed their complaint on May 12, 1961. It is noted that the effort to enjoin was timely and prior to any significant steps being taken towards the improvement district.

The complaint was met with a motion to quash the order to show cause upon the grounds that each of the causes of action failed to recite facts sufficient to constitute a cause of action. The district court upon hearing sustained the motion to quash and granted five days to the plaintiffs to further plead. Plaintiffs elected to stand upon the complaint and the court entered an order dismissing the complaint. It is from this order and judgment dismissing the complaint that the appeal is taken.

The question presented by the specifications of error is whether

or not the plaintiffs' complaint states a cause of action for the granting of an injunction against the proposed improvement district.

In determining the question this court will look to the complaint and accept the facts well pleaded as true.

We will discuss the appellants' second cause of action by reason of the fact that we deem it the most clearly compelling of any of the causes set forth in the complaint. That cause of action is based primarily upon section 11-2204, R.C.M.1947, and section 11-2241, R.C.M.1947. The portion of section 11-2204 which here controls is as follows:

"Upon having passed such resolution the council must give notice of the passage of such resolution of intention, which notice *must be published for five days in a daily newspaper* * * *." Emphasis supplied.

The portion of section 11-2241 which is here controlling is as follows:

"(4) The notices, resolutions, orders, or other matter required to be published by the provisions of this act, *shall* be published in a daily newspaper * * * *as often as the same is issued during the period specified for said publication, and no other statute shall govern or be applicable to the publications herein provided for* * * *." Emphasis supplied.

It is to be noted that both of these statutes are mandatory in their language.

We have previously discussed the requirements of section 11-2241 in Hansen v. City of Havre, 112 Mont. 207, 212, 114 P.2d 1053, 135 A.L.R. 1278.

We have also set forth the various steps in the creation of an improvement district in Johnston v. City of Hardin, 55 Mont. 574, 579, 179 P. 824, wherein this court said:

"The proceedings of the city council were governed by Chapter 89, Laws of 1913, as amended by Chapter 142, Laws of 1915. Under the provisions of these statutes the successive steps necessary to be taken in creating a special improvement

district are: (1) The adoption of a resolution of intention; (2) *the service of the required notice;* (3) a hearing and a determination against the protestants if any protest is made; (4) the passage of a resolution creating the district. The first three steps are jurisdictional, and the failure of the council to take any one of them is fatal to the proceedings. Shapard v. City of Missoula, 49 Mont. 269, 141 Pac. 544. * * *

''These proceedings have for their ultimate purpose the subjection of the property within the district to taxation to bear the cost of the improvements. They are *in invitum* [against an unwilling party], and in recognition of these facts the legislature has provided a complete, but direct, plan of procedure designed to protect property from confiscation, and at the same time permit beneficial improvements * * *. [The city council] is clothed with limited powers only, and no presumption in favor of its jurisdiction will be indulged. The statute measures its authority, and compliance with the terms of the statute is a condition precedent to its right to act. * * *

''The statutes above not only qualify and limit the powers which the city council may exercise, but they define with particularity the mode in which the restricted authority may be used, and compliance with their provisions is the *sine qua non* [without which the thing cannot be; an indispensable requisite or condition] to the creation of a special improvement district for making improvements, the expense of which is to be a charge against the property included. Shapard v. City of Missoula, above; Cooper v. City of Bozeman, 54 Mont. 277, 169 Pac. 801. The statutes define the contents of the notice and the manner of service, and declare that the giving of this notice is one of the steps necessary to be taken before the city council is clothed with jurisdiction to order the work done, and no argument, however specious, can excuse a failure to observe their mandates.''

The foregoing quotation from Johnston v. City of Hardin

established quite clearly that the statute must be followed with particularity.

We again met the problem in Wood v. City of Kalispell, 131 Mont. 390, 395, 310 P.2d 1058, and held the improvement district invalid because of the failure to *mail* the notice to just one property owner. We predicated the decision on the fact that the action was timely brought. We also quoted with approval from the forequoted Johnston v. City of Hardin. We pointed out, too, the limitations on municipalities discussed by Justice Adair in his concurring opinion in Dietrich v. City of Deer Lodge, 124 Mont. 8, 17, 218 P.2d 708.

Again in Koich v. City of Helena, 132 Mont. 194, 197, 315 P.2d 811, we discussed the conditions precedent to the City Council's authority to act and discussed particularly liberal construction of the statutory language. We made it clear again that even a seven and one-half percent deviation upward in the approximate estimate was such as to violate the notice requirements.

The last case in which the subject has been discussed is in Shaw v. City of Kalispell, 135 Mont. 284, 340 P.2d 523. It is this case that the defendants, respondents here, rely on for the proposition that plaintiffs, having received notice, could not contest the failure of the defendants to follow the mandate of the statute.

However, while the author of this opinion is the same author as in the Shaw case and admits that some language from the Shaw case gives solace to the defendants, that case must be analyzed carefully to point out that the previous rules of statutory procedural steps being a condition precedent to the City's jurisdiction, when a timely attack is made, have not been changed.

In the Shaw case we noted that "We are only concerned with persons holding property who are entitled to written notice. It might further be noted that section 11-2204 provides for a published notice." We did not rule on nor take cognizance of

section 11-2241 since that matter was not before us. We made this particularly clear when we said, "In the condition of the record before us, we do not feel it proper to go beyond the single issue which might possibly have been grounds for the district court's action."

The single issue mentioned was clearly that of whether under section 11-2204 *mailing* of copies of notice to persons who are *neither record owners* nor *personally known owners of an interest in property* was a condition precedent. We held that it was not. In arriving at our conclusion, we discussed certain matters in connection with who has such an interest as to take advantage of the failure of notice to other parties who have neither protested nor appear as parties to the suit. We concluded that parties could not in a representative capacity question the lack of notice because their appearance had waived the notice. This was a gratuitous statement so far as the problem concerned with the statutory procedural requirements are concerned and where a timely challenge is made.

■ Were we to hold otherwise, failure to publish at all might be the next consideration. When a statute such as this states what must be done, it can be timely attacked by one who is directly affected. We cannot say that plaintiffs waived the statutory requirements by their protest. They moved at their first opportunity, immediately upon finding out that the City intended to proceed.

The rationale of this court in Weber v. City of Helena, 89 Mont. 109, 125, 297 P. 455, wherein the court was discussing the failure to follow statutory requirements in an election matter seems appropriate here. There it was said: "For this court to now say that these statutory requirements need not be observed, or that they are merely directory, and that an election is as good and valid without compliance with any part of them, as by their observance, would be to defeat the will of the Legislature."

We hold then that cause of action Number 2 was sufficient

and that the district court erred in dismissing the complaint. Because of our holding in this matter, we find it unnecessary to consider the other matters specified as error. Therefore, the order and judgment of dismissal is reversed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.