No. 13043

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MARY FRANCESCA PALFFY,

Plaintiff and Appellant,

-vs-

DIRECTOR OF FINANCE OF THE CITY
OF BOZEMAN and The City of Bozeman,
Montana,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Bolinger and Wellcome, Bozeman, Montana
H. A. Bolinger argued, Bozeman, Montana

For Respondents:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Ben E. Berg, Jr. argued, Bozeman, Montana

---

Submitted: September 11, 1975

Decided: OCT -2 1975

Filed: OCT -2 1975

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a summary judgment granted by the district court, Gallatin County, in favor of the defendants Director of Finance of the City of Bozeman and the City of Bozeman. The district court at the same time denied plaintiff's motion for summary judgment. The case is based upon a special assessment for a sidewalk levied by the city of Bozeman against plaintiff's property. The case was heard, considered and decided entirely on the pleadings, consisting of the complaint and answer.

Plaintiff's land within the city limits of Bozeman fronts on State Highway No. 191 which has a 100 foot wide right of way. There is 25 feet of unpaved right of way between plaintiff's property line and the highway pavement. The City ordered plaintiff to install a five foot sidewalk, ten feet from the paved portion of the highway and fifteen feet from plaintiff's property line within the right of way of the state highway. The highway department of the state was not involved in these proceedings. Plaintiff refused to install the sidewalk and the city installed the sidewalk and levied an assessment against plaintiff's land for costs in the amount of $10,360.07, to be paid in five annual installments of $2,072.03 plus interest of $153.49 or total installments of $2,225.52 each. Plaintiff protested the assessment and this action resulted.

On appeal plaintiff's sole issue is that the district court erred in granting the summary judgment for the reason that the state highway department has exclusive jurisdiction to let contracts and control construction in or along the state highway right of way.

The city concedes that all streets, including municipalities, are within the primary jurisdiction of the state of Montana. That the city acts upon authority granted by the state in the

- 2 -

management of city streets and relies on section 11-2226, R.C.M. 1947, which provides authority to construct sidewalks, curbs and gutters without the formation of special improvement districts and the assessment of costs to the property "in front" of the construction.

The city contends that section 32-2406, R.C.M. 1947, "General Power of [Highway] Department" does not usurp or revoke by implication any of the powers granted the city in section 11-2226. Section 32-2406 reads:

> "The department may plan, lay out, alter, construct, reconstruct, improve, repair, maintain, and the commission may abandon highways on the federal-aid systems and state highways. The department may cooperate and contract with counties and municipalities to provide assistance in performing these functions on other highways and streets."

The city reasons that section 32-2134, R.C.M. 1947, which gives exclusive control over signs and traffic control devices within municipalities does not mention sidewalks. The city concludes that it makes no difference that the state of Montana owns the street as all streets belong to the state of Montana and the city is but a trustee thereof. It cites Wood v. City of Kalispell, 131 Mont. 390, 396, 310 P.2d 1058, for authority that the city is not precluded from building an improvement on a state highway.

The city has a good case until it gets to ownership by the state. It is true the state as a sovereign owns all streets and local government units are trustees thereof. Yet, when ownership passes to a department of the state sovereign the broad general principles set forth by the state do not always apply or at least they are restricted or diminished. Wood, cited to us by the city, does stand for the proposition that a city can participate with the department of highways through a special improvement district. Wood also treats the aspect of highway ownership which the city failed to consider:

"The provisions of the Federal Aid Road Act
require that contracts for projects under that
act must be let by the highway commission of the
particular state, 39 Stat. 355, approved July 11,
1916, as subsequently amended and supplemented,
23 U.S.C.A., section 1 et seq.  The legislature
of Montana, by R.C.M. 1947, section 32-1609
[since repealed, now section 32-2401],  has
assented to the terms of the Federal Aid Road
Act and has authorized the highway commission
to do all 'things necessary or required to carry
out fully the cooperation contemplated by said
act of congress * * * relative to the construc-
tion and maintenance of roads and highways in the
State of Montana'.

"R.C.M. 1947, section 32-1608 [since repealed, now
section 82A-701.1(2)(4)], provides in part:  'All
contracts for work on state highways shall be let
by the state highway commission.'  The project in
the instant case involves two state highways, or
more particularly, a portion of each of two state
highways that is also used as a city street.  Con-
tracts for such work clearly must be let by the
state highway commission.

"This court, in State ex rel. State Highway Comm.
v. District Court, 105 Mont. 44, 69 P.2d 112, and
in Bidlingmeyer v. City of Deer Lodge, 128 Mont.
292, 274 P.2d 821, recognizes that a city is but
a subdivision or agent of the state and that by
assenting to the provisions of the Federal Aid
Road Act the legislature, as the principal, has
withdrawn some of the powers previously given to
its agent, the municipality.

"The legislative intent is clear that a city may
create a special improvement district for street
improvements where the street is also a part of a
state highway and that, in such instance, the con-
tracts for the work to be done must be awarded by
the state highway commission."  (Emphasis supplied.)

It must follow from the language cited that the power of

the city can be diminished; that the city can participate with

the state highway department but not independent of it.

The fact situation here demonstrates the equity of the

rule.  Both parties agree that once the city constructed the im-

provement on the highway right of way, particularly 15 feet with-

in its boundary line, that the highway department could order it

removed with no recourse by the property owner or the city.

The order granting summary judgment to the city of

Bozeman is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices